UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:23CR159 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| REGGIE JORDAN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are two motions filed by Defendant Reggie Jordan. First, Jordan requests a *Daubert* hearing to address the proposed expert testimony of Special Agent John Sabol. Doc. 34. Second, Jordan seeks to voir dire the Government's identification witness surrounding the methodology that was used in the course of obtaining the identification. Doc. 35. Upon review, both motions are DENIED.[1]

With respect to Special Agent Sabol, the Government intends to solicit his expert opinion that the firearms in his indictment traveled in interstate and/or foreign commerce. Consistent with Sixth Circuit model instructions, the Government is permitted to prove this final element of the felon in possession charge by demonstrating that the firearm at issue was manufactured in another

---

[1] Both motions are captioned as motions for leave to file the underlying substantive motions. For ease, the Court has addressed the merits of the underlying, substantive motions.

state.  Sixth Circuit Model Instruction 12.01(1)(D).  Given the straightforward nature of the opinion that will be offered, the Court finds no basis to conduct an independent *Daubert* hearing.  The Government will still maintain its burden of demonstrating Special Agent Sabol's qualifications and experience permit him to offer a reliable opinion on the issue.  However, the Court believes that this can be achieved through trial testimony.  Defendant will have every opportunity to raise a challenge to Sabol's qualifications and experience during his testimony if they believe an insufficient foundation has been laid by the Government.

Next, Jordan contends that it is necessary to voir dire a witness the Government relied upon to assist in identifying that Jordan was the individual residing in the apartment that was searched.  Jordan contends that the affidavit in support of the search warrant suggests that the witness was only shown a single photograph and therefore the process utilized was unduly suggestive.  While it is true that use of a single photograph for a witness identification may be unduly suggestive, such a procedure is not inherently or presumptively unconstitutional. *United States v. Shields*, 415 Fed.Appx. 692, 703 (6th Cir. 2011) (upholding the use of pre-trial identification with a single photograph where the informant "had ample opportunity to observe [the Defendant]" in prior settings). In fact, the Sixth Circuit has long held that the "unduly suggestive" inquiry requires this Court to look at the totality of the circumstances. *United States v. Causey*, 834 F.2d 1277, 1284–85 (6th Cir.1987).

Within his motion, Jordan admits that the witness that identified him was the property manager for the apartment complex where the search occurred.  At that time, the manager indicated that Jordan resided in apartment 420 and had done so for approximately a year.  As such, on its face, Jordan's motion suggests that the manager had more than ample opportunity to observe and identify Jordan.  However, out of an abundance of caution, the Court will allow the

parties to present argument, outside the presence of the jury, prior to the manager's testimony to ensure that the identification is proper prior to a jury hearing testimony.

To the extent that the remainder of Jordan's motion seeks disclosures from the Government, the Court would fully expect that the Government will fully comply with its discovery obligations. Moreover, if the Government utilized multiple identifications of Jordan, any reports and photo arrays utilized in those identifications should be provided forthwith to defense counsel if the Government intends to introduce those identifications at trial.

Based upon the above, Jordan's motions are DENIED.

IT IS SO ORDERED.

|  |  |
|---|---|
|     July 13, 2023 | /s/ *John R. Adams* |
| Date | Judge John R. Adams |
|  | United States District Court |